UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE ANDREWS,

                Petitioner,                             Case Number 17-13420
                                                         Hon. David M. Lawson

v.

SHIRLEE HARRY,

                Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Tyrone Andrews is serving a lengthy prison term as the result of his Wayne Circuit Court jury trial convictions for armed robbery and possession of a firearm during a felony. He alleges in a habeas corpus petition filed under 28 U.S.C. § 2254 that his trial counsel was ineffective by failing to investigate and raise an alibi defense, and the evidence admitted at trial was insufficient to support his convictions. The petition will be denied because the state courts' adjudication of these claims reasonably applied federal law.

I.

The facts of the case were summarized by the Michigan Court of Appeals on direct appeal as follows:

> On August 24, 2014, the victim, Ronald Segars, was standing outside of a liquor store with three friends in Detroit. As Segars and his friends were sharing a bottle of liquor outside of the store, Segars observed defendant pull up in a Nissan Maxima across the street. Defendant exited the vehicle and began to walk towards the men. As defendant got closer, Segars's friends began to flee. Segars observed defendant pull out a pistol. Defendant then approached Segars and demanded that Segars give defendant his possessions, which included a watch, chain, and the money that he had in his pocket. After Segars gave defendant his belongings, defendant began to walk back to his vehicle. As defendant returned to his vehicle, he fired multiple shots at Segars. Segars was able to avoid being hit by ducking between two other vehicles.

*People v. Andrews*, 2016 WL 3349161, at *1 (Mich. Ct. App. Jun. 14, 2016).

A jury found the petitioner guilty of armed robbery, Mich. Comp. Laws § 750.529, and possession of a firearm during a felony, Mich. Comp. Laws § 769.12. He was sentenced to a prison term of 25 to 50 years for robbery and a consecutive two-year term for the firearm offense.

The trial court held an evidentiary hearing on the petitioner's motion for a new trial filed by his appellate attorney. The main issue was whether his trial attorney followed up on leads that the petitioner gave her about an alibi. As discussed below, defense counsel's version of the facts conflicted with the version presented by the petitioner and his family. The trial court found the lawyer's version more credible and determined that her performance was not deficient. The petitioner's convictions were affirmed on appeal. *Ibid.*; *lv. den.* 500 Mich. 900 (2016).

In his habeas petition, the petitioner raised the same claims that he presented to the state appellate courts:

> I. Ineffective Assistance of Counsel. [The] [o]ffense occurred on 08/24/2014[.] Defendant has an alibi for the date and time of the offense. Defendant informed his attorney of the alibi and witnesses. The attorney collected money from defendant to investigate [the] alibi, but never did. Alibi witnesses never [were] interviewed or present at trial.
>
> II. Insufficiency of Evidence Presented Denied Due Process of Law. Defendant paid [to] hire [an] investigator. None was hired or visited in jail. No investigator interviewed defendant's alibi witnesses. Defense counsel never informed defendant that no alibi evidence would be presented at trial.

Pet. at 6-7. The warden contends that the claims were properly rejected by the state courts consistent with applicable federal law.

II.

Certain provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]"

the standard of review federal courts must apply when considering an application for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). A federal court may grant relief only if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

"Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the *dicta*, of [the Supreme] Court's decisions." *White v. Woodall*, 572 U.S. 415, 419 (2014) (quotation marks and citations omitted). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103, (2011). The distinction between mere error and an objectively unreasonable application of Supreme Court precedent creates a substantially higher threshold for obtaining relief than *de novo* review. Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) (quotation marks omitted)). The AEDPA imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be "given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010).

A.

The petitioner contends that his trial lawyer deprived him of his right to the effective assistance of counsel guaranteed by the Sixth Amendment when she failed to investigate and present an alibi defense at trial. He asserts that he told his trial attorney that he was shopping with his grandmother at the time of the robbery, but his attorney failed to interview or call his grandmother as a defense witness at trial. The state courts rejected the claim after an evidentiary hearing was held in the trial court.

A violation of the Sixth Amendment right to the effective assistance of counsel is established when an attorney's performance was deficient, and the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. The petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688) (internal quotation marks omitted).

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. Unless a defendant demonstrates

both deficient performance and prejudice, "it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable." *Id*. at 687.

The failure to call a known alibi witness can constitute ineffective assistance of counsel. *Bigelow v. Williams,* 367 F.3d 562, 570 (6th Cir. 2004). The trial court in this case concluded, however, that the petitioner's attorney did all that she could to pursue that defense.

The petitioner contends that he had evidence that he was at the Great Lakes Crossing Mall in Auburn Hills, Michigan with his mother, uncle, and grandmother when the crime occurred. According to the prosecution, the crime occurred at 2:30 p.m. on August 24, 2014, in Detroit, about a 45-minute drive from the mall. At an evidentiary hearing on the motion for a new trial, Danien Woodson, the petitioner's trial attorney, testified that she was retained by the petitioner's mother, Ivy Andrews, to represent him, as in previous cases involving the petitioner. Woodson confirmed that the petitioner informed her that he was at the mall that afternoon with his grandmother, but he never told her that he was with other family members as well.

Attorney Woodson testified that she followed up on this lead by calling Ms. Andrews to obtain contact information for the petitioner's grandmother, Dorothy Simpson. But Ms. Andrews rebuffed Woodson and told her that Ms. Simpson was very ill and suffered from advanced dementia. Woodson denied that Ms. Andrews ever informed her before trial that she also had been with the petitioner at the mall on the day of the offense, even though they had extensive communication with one another before trial.

Woodson asserted at the hearing that after she learned that Ms. Simpson was unable to testify, she retained a private investigator to see whether there was surveillance video from the mall that might substantiate the petitioner's alibi. The investigator reported that he could not secure any video or find any witnesses.

On the first day of trial, Ms. Andrews, for the first time, gave Woodson receipts from the petitioner's trip to the mall. Both receipts had the petitioner's name on them, but only one was dated August 24, 2014. The time on the receipt was 5:07 p.m. — over two-and-a-half hours after the robbery — and the sale price was $339 in cash. Woodson decided not to present the receipt at trial because it did not cover the time-frame of the robbery, and she thought it could be used by the prosecutor to suggest that the petitioner used the robbery proceeds to go shopping.

In contrast to Woodson's testimony, Ivy Andrews testified that she told Woodson she spent the whole day of the robbery with her mother, her brother, and the petitioner. Ms. Andrews denied that her mother had dementia or that she told Woodson that she did. She said that Woodson told her that she did not have to attend her son's trial. She claimed that she provided shopping receipts from the date of the robbery before the first day of trial and then again on the morning of trial outside the courthouse.

Dorothy Simpson testified that she spent the entire day of August 24, 2014, with the petitioner. They went to church, then to a restaurant, and then to the Great Lakes Crossing Mall. Ms. Simpson testified that she did not have dementia.

Faced with these two versions, the trial court chose to believe Woodson's testimony. It made the following factual finding in its opinion denying the petitioner's motion for a new trial:

> Attorney Woodson's decision not to assert an alibi defense did not deprive defendant of a fair trial. The evidence showed that she discussed the alibi defense with Defendant and his mother. She hired an investigator who found no supporting evidence of the alibi defense. She requested receipts and was provided with them on the date of trial. Those merely showed Defendant was not at the location of the robbery 2-1/2 hours *after* the robbery occurred. The evidence [showed] that Attorney Woodson did in fact investigate the alibi defense pretrial and made a reasonable decision not to assert it. She further testified that Defendant would not testify and she was precluded from contacting Defendant's grandmother because she had dementia and therefore could not testify.

Brief of Appellant, App'x C, Order dated 9/14/15, at 6 (ECF No. 13-12).

The Michigan Court of Appeals, after reciting state law on the applicable constitutional standard governing ineffective assistance of counsel claims, accepted the factual findings made by the trial court and rejected the petitioner's claims on the merits:

> In light of counsel's testimony, which the trial court accepted, it cannot be said that her performance fell below an objective standard of reasonableness. Decisions on what evidence to present and whether to call witnesses are presumed to [be] matters of trial strategy with which this Court will not interfere. While defendant cites to [sic] the *Ginther* hearing testimony of Andrews and Simpson that Simpson would have testified at trial and that counsel did receive the mall receipts prior to the trial, the trial court clearly found counsel's testimony to be more credible. This Court must give deference to the trial court's factual findings, particularly where the credibility of witnesses is involved. Additionally, the receipts had the potential to incriminate defendant because they were dated two hours after the robbery occurred and showed that cash was paid from the transactions, allowing the potential for the prosecutor to argue defendant was spending the money he stole from Segars. The facts found by the trial court support the trial court's conclusion that defense counsel utilized sound strategy with respect to the alibi notice.

*Andrews*, 2016 WL 3349161, at *2 (citations and quotation marks omitted).

The state courts' decision on the question of defective performance depended almost entirely on the trial court's credibility finding and the resulting determination of the facts. This Court must presume that the state court's factual determinations are correct. 28 U.S.C. § 2254(e)(1). The petitioner may rebut this presumption only with clear and convincing contrary evidence. *Warren v. Smith*, 161 F.3d 358, 360-361 (6th Cir. 1998). He has not done so here.

The state court reasonably rejected the petitioner's ineffective-assistance claim because his trial counsel's testimony undercut the factual basis for that claim. Counsel said that she was not told before trial that the petitioner was with his grandmother *and* mother *and* uncle at the time of the robbery. Instead, the grandmother was the only alibi witness, but counsel was informed that the grandmother suffered from advanced dementia. Undaunted, trial counsel retained a private investigator, but he was unable to secure any evidence to support the alibi defense. When the

petitioner's mother finally produced receipts from the mall on the date of the offense, they were time-stamped well after the time of the offense and therefore did not support the alibi claim.

Trial counsel's decision not to introduce the receipts reflected sound strategic judgment, as that evidence could have been used against the petitioner, as the state court observed. Federal habeas courts do not second-guess judgments of that sort. That is one reason why the standard for obtaining habeas corpus relief on ineffective-assistance-of-counsel claims under *Strickland* is "'difficult to meet.'" *White v. Woodall*, 572 U.S. 415, 420 (2014) (quoting *Metrish v. Lancaster*, 569 U.S. 351, 358 (2013)). The standard is "all the more difficult" on habeas corpus review because "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citations and quotation marks omitted). "[T]he question is not whether counsel's actions were reasonable," but whether "there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Ibid.*

The state courts' determination of the facts was reasonable, as was their application of controlling federal law. The petitioner is not entitled to relief on this claim.

B.

Next, the petitioner argues that the evidence was not sufficient to support his convictions. The Michigan Court of Appeals had no trouble rejecting that claim based on the victim's testimony alone, which apparently the jury found credible. *Andrews*, 2016 WL 3349161, at *3 (noting that "it was the job of the jury to determine Segars's credibility and this Court must defer to that credibility assessment") (citation omitted).

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is

charged." *In re Winship*, 397 U.S. 358, 364 (1970). On direct appeal, review of a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In a habeas corpus proceeding, "[t]he *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n.16)).

As with the state appellate court on direct appeal, a federal habeas court "does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). "[A] reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume — even if it does not affirmatively appear in the record — that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *McDaniel v. Brown*, 558 U.S. 120, 133 (2010) (quoting *Jackson*, 443 U.S. at 326).

The state court of appeals reasonably applied federal law. The elements of armed robbery under Michigan law are: (1) an assault, and (2) a felonious taking of property from the victim's presence or person, (3) while the defendant is armed with a weapon described in the statute. *Lovely v. Jackson,* 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004) (citing Mich. Comp Laws § 750.529; *People v. Allen,* 201 Mich. App. 98, 100, 505 N.W.2d 869 (1993)). The elements of possession of a firearm during the commission of a felony are that the defendant possessed a firearm while committing, or while attempting to commit, a felony offense. *Parker v. Renico,* 506 F.3d 444, 448 (6th Cir. 2007). The victim of the armed robbery testified to facts that, if believed, satisfied the

elements of armed robbery and possession of a firearm during the commission of a felony. The petitioner's argument that the victim's testimony was not credible does not speak to the constitutional sufficiency of the evidence. As noted above, "it is the responsibility of the jury — not the court — to decide what conclusions should be drawn from the evidence admitted at trial." *Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (per curiam). A federal court may not re-weigh the evidence or re-determine the credibility of the witnesses. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). "A federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume — even if it does not affirmatively appear in the record — that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Walker v. Engle*, 703 F.2d 959, 969-70 (6th Cir. 1983).

The state courts' determination of this claim did not contravene or unreasonably apply federal law.

III.

Neither of the petitioner's claims presents a basis to issue a writ of habeas corpus under 28 U.S.C. § 2254(d). The state courts' decisions in this case were not contrary to federal law, an unreasonable application of federal law, or an unreasonable determination of the facts. The petitioner has not established that he is presently in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED.**

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date:   February 20, 2019

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on February 20, 2019.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI